IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL UDDIN, PhD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-22-816 |
| JOSEPH R. BIDEN, JR., *President of the, United States*, | * | |
| | * | |
| Defendant. | | |

\*\*\*

## MEMORANDUM ORDER

Plaintiff Jamal Uddin filed the above-captioned Complaint on April 5, 2022, and paid the full filing fee. ECF No. 1. For the reasons stated below, the Complaint shall be dismissed.

Uddin's Complaint alleges that the official White House website incorrectly states that the presidential eligibility requirements are that "the President must be at least 35 years of age, be a natural-born citizen, and must have lived in the United States for at least 14 years." *Id.* at 5. Uddin asserts that Defendant has violated the Constitution by removing the "second citizen category," which he contends includes naturalized citizens. *Id.* According to Uddin, the Fourteenth Amendment made the term "natural-born citizen" obsolete, meaning that any citizen of the United States is eligible to be President, and further claims that any elected President, specifically Defendant, who identifies themselves as a natural-born citizen illegitimately holds the office. *Id.* at 5, 6. Therefore, Uddin asserts that Defendant has violated his constitutional rights and those of all naturalized citizens who cannot run for the Office of the President. *Id.* at 6. Uddin seeks injunctive and declaratory relief. *Id.* at 7.

Uddin's claim may not proceed because he has not plead facts that might lead to the reasonable conclusion that some plausible cause of action has accrued on his behalf. Article II,

Section 1, Clause 5 of the Constitution states, "No Person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any Person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States." The Supreme Court has upheld the distinction between natural-born and naturalized citizens' eligibility to be President. *Schneider v. Rusk*, 377 U.S. 163, 165 (1964) ("…the rights of citizenship of the native born and of the naturalized person are of the same dignity and are coextensive. The only difference drawn by the Constitution is that only the 'natural born' citizen is eligible to be President."); *see also Hassan v. Federal Election Com'n*, 893 F.Supp.2d 248, 256-57 (D.D.C. 2012) (holding that the Fifth and Fourteenth Amendments did not implicitly repeal the natural-born citizen requirement).

Additionally, to the extent, Uddin seeks to bring a claim on behalf of all naturalized citizens, he does not have standing to do so. To demonstrate standing, "Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377 (2014)). Uddin simply has no standing to assert the rights of other naturalized citizens.

Lawsuits such as this are subject to dismissal pursuant to the Court's inherent authority, even where, as here, Uddin has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (lack of subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). Accordingly, the Complaint will be dismissed.

Accordingly, it is this 22nd day of April, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED;

2. The Clerk SHALL CLOSE this case; and

3. The Clerk SHALL SEND a copy of this Memorandum Order to Uddin.

GEORGE J. HAZEL
United States District Judge